# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

|  |  |
|---|---|
| KERRIE BORBOA, *et al.*,<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>THEODORE L. CHANDLER, *et al.*,<br><br>Defendants | Case No. 3:13-CV-844-JAG |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION AND SETTING <u>DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT</u>**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the LandAmerica Financial Group Savings and Stock Ownership Plan (the "Plan").[1]  The terms of the Settlement are set out in the Settlement Agreement fully executed as of March 12, 2015 (the "Settlement Agreement"), by counsel on behalf of the Named Plaintiffs and Defendants.

Pursuant to the Named Plaintiffs' Motion for Preliminary Approval filed on March 12, 2015, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class.  Upon reviewing the Settlement Agreement and the matter having come before the Court at the April 13, 2015 hearing, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.     **Settlement Class Findings** – The Court preliminarily finds, for purposes of Settlement only, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court and any other applicable law have been met as to the Settlement Class defined below, in that:

a)     as required by FED. R. CIV. P. 23(a)(1), the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

b)     as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the Settlement Class, including:

i.   Whether the Defendants breached fiduciary obligations to the Plan and its participants by causing the Plan to offer LandAmerica Stock as an

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

1

investment option for the Plan or maintaining a pre-exisiting investment in

LandAmerica Stock in the Plan during the Settlement Class Period;

    ii.   Whether certain Defendants breached fiduciary obligations to the Plan and

its participants by failing to monitor other Defendants; and

    iii.   Whether the alleged breaches of fiduciary duty by the Defendants caused

the Plan and its participants and beneficiaries to suffer losses.

    c)   as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs

are typical of the claims of the Settlement Class.

    d)   as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiffs will fairly

and adequately protect the interests of the Settlement Class in that: (i) the interests of the

Named Plaintiffs and the nature of their alleged claims are consistent with those of the

members of the Settlement Class; and (ii) there appear to be no conflicts between or

among the Named Plaintiffs and the Settlement Class.

    e)   as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions

by individual members of the Settlement Class would create a risk of: (i) inconsistent or

varying adjudications as to individual Settlement Class members that would establish

incompatible standards of conduct for the parties opposing the claims asserted in this

Action; and/or (ii) adjudications as to individual Settlement Class members that, as a

practical matter, would be dispositive of the interest of the other members not parties to

the individual adjudications, or substantially impair or impede the ability of such persons

to protect their interests.

    f)   as required by FED. R. CIV. P. 23(g), Class Counsel is capable of fairly and

adequately representing the interests of the Settlement Class, in that Class Counsel: (i)

have done appropriate work identifying or investigating potential claims in the Action;
(ii) are experienced in handling class actions; and (iii) have committed the necessary
resources to represent the Settlement Class.

2.   **Class Certification** – The Court, in conducting the settlement approval process
required by FED. R. CIV. P. 23, preliminarily certifies solely for purposes of settlement the
following class under FED. R. CIV. P. 23(b)(1) (the "Settlement Class"):

> All persons, except Defendants and their Immediate Family
> Members, who were participants in or beneficiaries of the
> LandAmerica Financial Group Savings and Stock Ownership Plan
> between February 7, 2008 and July 31, 2009, inclusive, (the
> "Settlement Class Period") and whose Plan accounts included
> investments in LandAmerica Stock.

Preliminary certification of a preliminary Settlement Class pursuant to the terms of the
Settlement Agreement shall not constitute and does not constitute, and shall not be construed or
used as, an admission, concession, or declaration by or against Defendants that (except for the
purposes of the Settlement) this Action is appropriate for class treatment under FED. R. CIV. P.
23, or any similar federal or state class action statute or rule, for litigation purposes.

3.   **Preliminary Injunction**– The Court, preliminarily enjoins:  (i) the members of
the Settlement Class from bringing in any forum any of Plaintiffs' Released Claims against any
of Plaintiffs' Released Persons; and (ii) Defendants from bringing in any forum any of
Defendants' Released Claims against any of Defendants' Released Persons.

4.   **Appointments** – The Court preliminarily appoints (a) the Named Plaintiffs as the
representatives for the Settlement Class, and (b) Class Counsel as counsel for the Settlement
Class.   The Court further appoints Nicholas L. Saakvitne, Esq., principal of Nicholas L.
Saakvitne, a Law Corporation, as Plan Administrator to (1) reinstate the Plan in order to allow
the Net Settlement Fund to be distributed through the Reinstated Plan, and (2) serve as Plan

Administrator for the Reinstated Plan, including for purposes of overseeing the distribution by the Settlement Administrator of the Net Settlement Fund to Settlement Class Members and, to the extent permitted by applicable law, ensuring that the Reinstated Plan complies with all the requirements of ERISA and the federal tax code in order that the Settlement Class Members may receive their shares of the Net Settlement Fund as qualified distributions, if they so desire, and (3) terminate the Reinstated Plan immediately following complete distribution of the Net Settlement Fund. Further, the Plan Administrator (1) shall direct the Settlement Administrator to distribute the Net Settlement Fund to the members of the Settlement Class in accordance with the Plan of Allocation, (2) shall confirm the accuaracy of the calculations performed by the Settlement Adminstration, to the extent possible; (3) shall then be exclusively responsible for overseeing the Settlement Administrator's distribution of the Net Settlement Fund to the Settlement Class Members in accordance with the Plan of Allocation based on the calculations of the Settlement Administrator, and (4) shall be responsible for directing the Settlement Administrator to take reasonable steps to properly allocate the Net Settlement Fund to the Plan accounts of the Settlement Class Members. To the extent possible, the Plan Administrator shall be responsible for ensuring the Settlement Administrator's settlement calculations are correct. Both the Plan Administrator and Settlement Administrator's fees and expenses incurred for the administration of this Settlement shall be paid from the Settlement Fund. Further, pursuant to Section 2.2.1 of the Settlement Agreement, Defendants and the Plaintiffs' Released Persons shall not be deemed to be fiduciaries, administrators or sponsors of the Reinstated Plan for any purpose and shall not have any duties or obligations whatsoever with respect to such Reinstated Plan or with respect to the portion of the Settlement Fund contributed to the Reinstated Plan.

5.     **Preliminary Findings Regarding Proposed Settlement** – The Court preliminarily finds that (a) the proposed Settlement resulted from extensive arms'-length negotiations with the assistance of an experienced mediator, (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Named Plaintiffs' claims, (c) Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate, (d) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class and (e) the proposed Plan of Allocation appears to be a sufficiently fair, reaonsable and adequate way to allocate the proposed Settlement Fund among the proposed Settlement Class Members.  Having considered the essential terms of the Settlement Agreement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those persons whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

6.     **Final Approval Hearing** – A hearing is scheduled for July 20, 2015 at 11:00 a.m. (the "Final Approval Hearing") to determine, among other things:

- Whether the Settlement merits final approval as fair, reasonable, and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether the notice plan proposed by the Parties and preliminarily approved herein, (a) constitutes the best practicable notice, (b) constitutes notice

reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing, (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice, and (d) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be approved; and

- Whether the application for attorneys' fees and reimbursement of litigation expenses and Case Contribution Awards to the Named Plaintiffs are fair and reasonable and should be approved.

7. **Class Notice** – Named Plaintiffs have presented to the Court a proposed form of Class Notice, appended hereto as Exhibit A. The Court finds that such form fairly and adequately: (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and reimbursement of litigation expenses from the Settlement Fund; (c) notifies the Settlement Class that Class Counsel shall seek a Case Contribution Award of up to $5,000.00 for each of the three Named Plaintiffs for their services in such capacity, to be paid by Defendants' Insurer, Landmark American Insurance Company, and *not* from the Settlement Fund; (d) gives notice to the Settlement Class of the time and place of the Final Approval Hearing; and (e) describes how the recipients of the Class Notice may object to any of the relief requested. The Named Plaintiffs have proposed the following manner of communicating the notice to members

of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances.  Accordingly, the Court directs that Class Counsel shall:

- By no later than May 1, 2015, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified by reasonable effort.

- By no later than May 1, 2015, cause the Class Notice to be published on the website identified in the Class Notice, www.LandAmericaERISAsettlement.com, which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement.

- By no later than May 1, 2015, cause the Publication Notice (attached hereto as Exhibit B) to be published in the *Richmond Times-Dispatch* one time.

8.      **CAFA Notice** – The form of notice ("CAFA Notice") and notice procedures proposed by Defendants pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.* ("CAFA") was submitted to the Court for approval on March 12, 2015.  Defendants mailed the CAFA Notice on March 19, 2015.

9.      **Petition for Attorneys' Fees and Costs and Case Contribution Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs and Case Contribution Awards to the Named Plaintiffs, and all briefs in support thereof, shall be filed no later than June 19, 2015.

10.     **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than June 19, 2015.

11.      **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of the CAFA Notice may file an Objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or to the request for a Case Contribution Award for the Named Plaintiffs.   An objector must file with the Court a statement of his, her, or its Objection(s), specifying the reason(s), if any, for each such Objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the Objection(s).   Any objector who files an Objection to the Settlement must also mail copies of the Objection and any supporting law and/or evidence to Class Counsel and to counsel for the Defendants.   The address for filing Objections with the Court and serving objections on counsel are as follows:

> **For Filing:**
>
> Clerk of the Court
> United States District Court
> Eastern District of Virginia
> Spottswood W. Robinson, III and Robert R. Merhige, Jr. Federal Courthouse
> 701 East Broad Street
> Richmond, VA  23219
> *Kerrie Borboa, et al. v. Theodore L. Chandler, et al.*, Case No. 3:13-cv-844-JAG
>
> **To Class Counsel:**
>
> **KESSLER TOPAZ MELTZER & CHECK, LLP**
> Mark K. Gyandoh
> 280 King of Prussia Road
> Radnor, PA 19087
> Telephone: (610) 667-7706
> Facsimile: (610) 667-7056

To Defendants' Counsel:

**SKADDEN ARPS SLATE MEAGER & FLOM LLP**
Mark S. Chehi
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-3160

Warren T. Allen II, Esq.
David B. Leland
1440 New York Avenue, N.W.
Washington, DC 20005
(202) 371-7000

**FOLEY & LARDNER, LLP**
Scott L. Fredericksen
3000 K Street, NW, Suite 600
Washington, D.C. 20007
Telephone: (202) 672-5300

Any objector or his, her, or its counsel (if any and retained at the objector's expense) must file the Objection and supporting materials with the Court no later than June 29, 2015, and any objector must serve copies of the Objection (together with any supporting materials) on counsel listed above so that such Objection is received no later than June 29, 2015. Service on counsel may be effected by email, but service on the Court must be by first class mail. If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must file the notice of appearance with the Court no later than June 29, 2015 and also serve the notice of appearance on counsel listed above so that it is received no later than the date it is filed with the Court. Any objector who does not timely submit a written Objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely Objection shall be barred. Any responses to Objections shall be filed with the Court and served on opposing counsel no later than July 13, 2015. There shall be no reply briefs.

12.    **Additional Settlement Briefing** – Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than July 13, 2015.

13.     **Appearance at Final Approval Hearing** – Any objector who files and serves a timely, written Objection in accordance with paragraph 11 above may also appear at the Final Approval Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than June 29, 2015. Any objector who does not timely submit a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

14.     **Notice Expenses** – The expenses of printing, mailing, and publishing the Class Notice and Publication Notice hereby shall be paid from the Settlement Fund.

15.     **Service of Papers** – Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all Objections to the Settlement that come into their possession.

16.     **Termination of Settlement** – If the Settlement Terminates in accordance with the terms of the Settlement Agreement, this Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall revert to their positions as of the day immediately before the Agreement Execution Date.

17.     **Use of Order** – This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any finding of fiduciary status, fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper, or

10

unavailable.  This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement Terminates.  Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only.  Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

18.    **Jurisdiction** – The Court, through Magistrate Judge David J. Novak, hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

19.    **Continuance of Final Approval Hearing** – The Court reserves the right to continue the Final Approval Hearing without further written notice.

SO ORDERED this _14__ day of _April_ , 2015.

/s/

John A. Gibney, Jr.
United States District Judge

HON. JOHN A. GIBNEY, JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT   A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

KERRIE BORBOA, *et al.*, Individually and on
behalf of all others similarly situated,

Plaintiffs

v.

THEODORE L. CHANDLER, *et al.*,

Defendants.

Case No. 3:13-cv-844-JAG

## NOTICE OF CLASS ACTION SETTLEMENT

YOUR LEGAL RIGHTS MIGHT BE AFFECTED IF YOU ARE A MEMBER OF THE FOLLOWING SETTLEMENT CLASS:

**All Persons, except Defendants and their Immediate Family Members, who were participants in or beneficiaries of the LandAmerica Financial Group Employee Savings and Stock Ownership Plan (the "Plan") at any time between February 7, 2008 and July 31, 2009, inclusive, (the "Settlement Class Period"), and whose Plan accounts included investment in LandAmerica Stock at any point during the Settlement Class Period.**

**PLEASE READ THIS NOTICE CAREFULLY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER. YOU HAVE NOT BEEN SUED.**

Judge John A. Gibney, Jr. of the United States District Court for the Eastern District of Virginia (the "Court") has preliminarily approved a proposed settlement (the "Settlement") of a class action lawsuit brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). The Settlement will provide for payments to the Plan, which will be reinstated solely for purposes of settlement to preserve the tax advantages associated with tax qualified retirement plans, and for allocation of those payments to members of the Settlement Class who had portions of their Plan accounts invested in LandAmerica Stock during the Settlement Class Period. The Settlement is summarized below.

The Court has scheduled a hearing (the "Final Approval Hearing") to consider Plaintiffs' motion for final approval of the Settlement and Class Counsel's application for attorneys' fees, reimbursement of litigation costs and for Case Contribution Awards to the Named Plaintiffs. The Final Approval Hearing before U.S. District Judge John A. Gibney, Jr. has been scheduled for _____ __, 2015 at __:__ _.m., in the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson, III and Robert R. Merhige, Jr. Federal Courthouse, Courtroom _____, 701 East Broad Street, Richmond, Virginia 23219. Any objections to the Settlement or the application for attorneys' fees and expenses and for Case Contribution Awards to the Named Plaintiffs must be served in writing on Class Counsel and on Defendants' attorneys, as identified on Page 10 of this Class Notice. The procedure for objecting is described below.

This Class Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in a Settlement Agreement ("Settlement Agreement"). Capitalized terms used in this Class Notice but not defined in this Class Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, and additional information with respect to this lawsuit (the "Action") and the Settlement, is available at an Internet site dedicated to the Settlement, www.LandAmericaERISAsettlement.com.

**Questions?  CALL xxx-xxx-xxxx TOLL FREE, OR VISIT www.LandAmericaERISAsettlement.com.**
**Do not call the Court with your questions.**
**Page 1 of 11**

PLEASE READ THIS CLASS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT BY FOLLOWING THE PROCEDURES DESCRIBED BELOW.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **NO ACTION IS NECESSARY TO RECEIVE PAYMENT, BUT YOU MAY BE REQUIRED TO COMPLETE AN ELECTION FORM TO CHOOSE THE TYPE OF PAYMENT IF YOU ARE ENTITLED TO ONE.** | If the Settlement is approved by the Court and you are a Settlement Class Member, you will not need to do anything to receive a payment, if any. If you are a Settlement Class Member, any share of the Net Settlement Fund to which you are entitled will be deposited into an account in the Plan, which is to be reinstated for purposes of distributing the Settlement. If the Court approves the Plan's reinstatement for purposes of the Settlement distribution, you will have an opportunity to elect whether to roll your individual recovery into a qualified retirement plan or individual retirement account (IRA) OR to receive a check for your share of the Settlement, which will be taxed according to the Internal Revenue Code. If you do not make an election within the time limits provided, then your share of the Settlement will automatically be rolled over into an IRA or other qualified retirement plan. <br><br> You will give up any rights you may have to sue any of the Plaintiffs' Released Persons for any of the Plaintiffs' Released Claims you may have against them, whether on your own behalf or on behalf of the Plan. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY _____, 2015.** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. |
| **YOU MAY ATTEND THE FINAL APPROVAL HEARING TO BE HELD ON_____, 2015.** | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Final Approval Hearing about the Settlement and present your objections to the Court. You may attend the Final Approval Hearing even if you do not file a written objection, but you will only be allowed to speak at the Final Approval Hearing if you file a written objection in advance of the Final Approval Hearing AND you file a Notice of Intention To Appear, as described in the answer to Question 16 in this Class Notice. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Class Notice.
- The Court has not yet decided whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information regarding this Action and this Class Notice may be obtained by contacting Class Counsel:

**Questions? CALL xxx-xxx-xxxx TOLL FREE, OR VISIT www.LandAmericaERISAsettlement.com.**
**Do not call the Court with your questions.**
**Page 2 of 11**

KESSLER TOPAZ MELTZER
& CHECK, LLP
Attn: Mark K. Gyandoh
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610-667-7706

Class Counsel has established a toll-free phone number to receive your comments and questions:  XXX-XXX-XXXX.  You may also send an email to LandAmericaERISAsettlement@ktmc.com.  You should contact Class Counsel with any questions regarding this Settlement, not the Court.

## WHAT THIS NOTICE CONTAINS

SUMMARY OF SETTLEMENT ......................................................................................................... 3

BASIC INFORMATION ................................................................................................................... 4

1.   WHY DID I GET THIS NOTICE PACKAGE? ............................................................. 4
2.   WHAT IS THE ACTION ABOUT? ............................................................................... 5
3.   WHY IS THIS CASE A CLASS ACTION? ................................................................... 4
4.   WHY IS THERE A SETTLEMENT? .............................................................................. 7
5.   HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT? ..................... 7

THE SETTLEMENT BENEFITS—WHAT YOU GET ................................................................ 7

6.   WHAT DOES THE SETTLEMENT PROVIDE? ........................................................... 7
7.   HOW MUCH WILL MY PAYMENT BE? ..................................................................... 6
8.   HOW MAY I RECEIVE A PAYMENT? ......................................................................... 9
9.   WHEN WILL I GET MY PAYMENT? ........................................................................... 9
10.  CAN I GET OUT OF THE SETTLEMENT? ................................................................. 7

THE LAWYERS REPRESENTING YOU ..................................................................................... 9

11.  DO I HAVE A LAWYER IN THE CASE? ..................................................................... 9
12.  HOW WILL THE LAWYERS BE PAID? ...................................................................... 9
13.  HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT? ............. 10

THE FINAL APPROVAL HEARING ......................................................................................... 10

14.  WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? 11
15.  DO I HAVE TO COME TO THE HEARING? .............................................................. 11
16.  MAY I SPEAK AT THE HEARING? ........................................................................... 11

IF YOU DO NOTHING ................................................................................................................ 11

17.  WHAT HAPPENS IF I DO NOTHING AT ALL? ....................................................... 11

GETTING MORE INFORMATION ............................................................................................. 11

18.  ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? ................................ 11

## SUMMARY OF SETTLEMENT

This Action is a consolidated proposed class action in which the Named Plaintiffs allege that Defendants breached fiduciary duties owed to the participants in and beneficiaries of the Plan under ERISA arising from the Plan's investments in LandAmerica Stock during the Settlement Class Period.  Copies of the Complaint and other documents filed in the Action are available at www.LandAmericaERISAsettlement.com or from Class Counsel.

**Questions?  CALL xxx-xxx-xxxx TOLL FREE, OR VISIT www.LandAmericaERISAsettlement.com.**
**Do not call the Court with your questions.**

A Settlement Fund consisting of $5,000,000.00 (Five Million U.S. Dollars) in cash is being established in the Action. The net amount in the Settlement Fund, including interest, and after payment of any taxes, expenses, approved attorneys' fees and costs, and any other costs the Court deems payable from the Class Settlement Amount, will be transferred to the Plan and be allocated to Settlement Class Members according to a Plan of Allocation to be approved by the Court.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Defendants strongly dispute all claims asserted in the Action. Also, Named Plaintiffs would face an uncertain outcome if the Action were to continue, as continued litigation could result in a judgment greater or less than the Settlement ($5 million) or in no recovery at all.

Plaintiffs and Defendants disagree on liability and do not agree on the amount that would be recoverable even if the Named Plaintiffs prevailed at trial. Defendants deny all claims and contentions by Plaintiffs and deny any wrongdoing with respect to the Plan. Defendants deny that they are liable to the Settlement Class and that the Settlement Class or the Plan have suffered any damages for which Defendants could be held legally responsible. Nevertheless, having considered the uncertainty and expense inherent in any litigation, particularly in a complex case such as this, Plaintiffs and Defendants have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Settlement Agreement.

## STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT IN THE ACTION

Class Counsel will apply to the Court for an order awarding attorneys' fees not in excess of one third (33 1/3%) of the Class Settlement Amount, plus reimbursement of their litigation expenses. Any amount awarded will be paid from the Settlement Fund. Defendants will take no position on this application and have no responsibility for payment of such fees and expenses.

## WHAT WILL THE NAMED PLAINTIFFS GET?

Named Plaintiffs will share in the allocation of the Net Settlement Fund in the same manner as other Settlement Class Members. In addition, Named Plaintiffs will ask the Court to award them up to $5,000 each as a Case Contribution Award for their representation of the Settlement Class. Any such awards will be paid by Defendants and/or their Insurers, and will not decrease the Net Settlement Fund.

## BASIC INFORMATION

### 1.   WHY DID I GET THIS NOTICE PACKAGE?

You or someone in your family may have been a participant in or beneficiary of the Plan whose Plan account included investments in LandAmerica Stock during the **Settlement Class Period, February 7, 2008 through July 31, 2009.**

The Court directed that this Class Notice be sent to you because if you fall within the definition of the Settlement Class you have a right to know about the Settlement and the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Fund will be paid to the Plan, which will be reinstated for purposes of distributing the Settlement, and then allocated among Settlement Class Members according to a Court-approved Plan of Allocation. This Class Notice describes the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Eastern District of Virginia. The persons who sued are called the "Named Plaintiffs," and the people they sued are called "Defendants." The Named Plaintiffs are Kerrie Borboa, Timothy O'Grady, and Bertrand Francis. Defendants are Jeffrey D. Vaughan, Kristin M. Bolton, J. Kevin Kelly, Delcenia C. Prentiss, Debra J. Van Buskirk, Theodore L. Chandler, Janet A. Alpert, Gale K. Caruso, Michael Dinkins, Charles H. Foster, Jr., John P. McCann, Dianne M. Neal, Robert F. Norfleet, Jr., Robert T. Skunda, Julious P. Smith, Jr., Thomas G. Snead, Jr., Eugene P. Trani, Marshall B. Wishnack, Ronald B. Ramos,

Questions?  CALL xxx-xxx-xxxx TOLL FREE, OR VISIT www.LandAmericaERISAsettlement.com.
**Do not call the Court with your questions.**
Page 4 of 11

Jim Cooke, Lloyd Osgood, and Scott Blackwell. The consolidated Action is known as *Kerrie Borboa, et al. v. Theodore L. Chandler, et al.*, Case No. 3:13-cv-844-JAG.

| 2. WHAT IS THE ACTION ABOUT? |
|---|

Named Plaintiffs claim that, under ERISA, Defendants owed fiduciary duties of loyalty, care, and prudence to the Plan and that they violated those duties in connection with the Plan's investments in LandAmerica Stock.

Named Plaintiffs allege that Defendants allowed the imprudent investment of the Plan's assets in LandAmerica Stock throughout the Settlement Class Period despite the fact that they knew or should have known that such investment was imprudent because, as explained in detail below and among other things: (a) the Company's title insurance operations were devastated by the collapse of the subprime mortgage industry; (b) LandAmerica was exposed to the inherently risky practices of its subsidiary LandAmerica 1031 Exchange Services, Inc., which gambled its survival upon the stability of the auction rate securities market; and (c) the Company concealed the truth concerning its rapidly deteriorating condition given the aforementioned. Named Plaintiffs allege that as a result of the above, the Plan and the participants incurred significant losses due to the substantial investments in LandAmerica Stock.

### THE DEFENSES IN THE ACTION

Defendants deny all of the allegations and claims made in this Action, including that allowing the Plan to hold LandAmerica Stock was imprudent or that they have any liability to the Plan or their participants or beneficiaries. If the Action were to continue, Defendants would raise numerous defenses to liability, including the following:

- Defendants did not engage in any of the allegedly improper conduct charged in the Consolidated Complaint;
- The Plan was designed for the benefit of its participants and offered a wide array of funds in which a participant could invest and a participant could reallocate his or her entire account balance on a daily basis;
- Defendants at all times fairly and accurately reported on LandAmerica's financial performance and prospects and on the higher risk inherent in an investment in LandAmerica Stock; and
- Even if they failed to discharge any duty under ERISA, any such breach of fiduciary duty did not cause the Plan or its participants to suffer any loss.

### THE ACTION HAS BEEN AGGRESSIVELY LITIGATED

Class Counsel has extensively investigated the allegations in the Action. Class Counsel obtained and reviewed a significant volume of documents, including Plan-governing documents and materials, communications with Plan participants, Securities and Exchange Commission filings, press releases, public statements, news articles and other publications, and other documents regarding the matters that the Named Plaintiffs allege made LandAmerica Stock an imprudent Plan investment. Class Counsel also received documents from Defendants and third parties that were useful in evaluating their claims.

The genesis of this Action dates back several years. On November 26, 2008, LandAmerica Financial Group ("LandAmerica," or the "Company," or "LFG") filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code in Bankruptcy Court. Thereafter, on November 23, 2009, the Bankruptcy Court entered an order confirming the bankruptcy plan. Among other things, the bankruptcy plan created the LFG Trust for purposes of administering the plan and appointed the LFG Trustee. Plaintiff Borboa filed her ERISA complaint on June 8, 2011 alleging that Defendants, who are former officers or directors of LFG violated their fiduciary duties by, *inter alia*, allowing investment of Plan assets in LFG equity during the period June 30, 2008 to July 31, 2009 when they knew or should have known that such investment was imprudent. If permitted, Plaintiff Borboa would have also named LFG as a defendant in the Complaint, alleging that LFG also breached ERISA fiduciary duties by its own actions regarding the Plan's administration and management of its assets. However, the action was stayed

Questions?  CALL xxx-xxx-xxxx TOLL FREE, OR VISIT www.LandAmericaERISAsettlement.com.
**Do not call the Court with your questions.**
Page 5 of 11

as to LFG unless and until such time as the stay was lifted or relief from the stay was granted by the Bankruptcy Court.

The LFG Trustee filed an emergency motion in Bankruptcy Court alleging that Plaintiff Borboa's action was an "Enjoined Action" under the bankruptcy plan. Plaintiff Borboa disagreed with the LFG Trustee's position and the parties briefed the issue. Nonetheless, in the interest of resolving the dispute, Plaintiff Borboa and the LFG Trustee executed a stipulation on July 11, 2011 wherein Plaintiff Borboa agreed to withdraw her action without prejudice, with an agreement that any statute of limitations applicable to Borboa's action as against the director and officer defendants named therein would be tolled. The Bankruptcy Court approved the Stipulation on August 1, 2011.

Having secured agreements to preserve relevant documents and toll the applicable statutes of limitations, in August 2011, Plaintiff Borboa then agreed to voluntarily dismiss her complaint without prejudice to her ability to re-file once the Bankruptcy Action was completed. Accordingly, on August 22, 2011, Plaintiff Borboa filed a voluntary notice of dismissal, which the Court granted two days later. In December 2013, the LFG Trustee stipulated that Borboa's action could be reinstated. Accordingly, on December 20, 2013, Plaintiff Borboa filed her class action complaint against certain LandAmerica directors, officers and employees alleging various claims under ERISA relating to the Plan's investment in LandAmerica Stock. Shortly thereafter, Plaintiff O'Grady filed a similar ERISA action against virtually identical defendants. Beginning on March 4, 2014, and for a period of several months, the Action was stayed so that the Parties could explore mediation. On September 26, 2014, the Court appointed Kessler Topaz Meltzer & Check, LLP as Interim Class Counsel for Plaintiffs and consolidated the matter. On October 6, 2014, Named Plaintiffs filed their Consolidated Complaint with Plaintiff Francis joining the action in the Consolidated Complaint. Shortly thereafter, on October 27, 2014, Defendants filed a motion to dismiss the Action in its entirety. Plaintiffs filed a response to the motion to dismiss on November 17, 2014, to which Defendants' replied on November 26, 2014. Defendants then answered the Complaint, denying its allegations, on December 23 and 24, 2014. On December 31, 2014, the Court granted in part and denied in part Defendants' Motion to Dismiss. On December 17, 2014, the Action was referred to Magistrate Judge David A. Novak for a settlement conference. A settlement conference originally scheduled for December 23, 2014 was rescheduled for February 4, 2015 and ultimately resulted in the Settlement discussed herein.

## SETTLEMENT DISCUSSIONS

The proposed Settlement is the product of hard-fought, lengthy negotiations between Class Counsel and Defendants' counsel. Settlement negotiations were initially conducted with the assistance of a nationally recognized mediator, and were ultimately unsuccessful. The Parties continued negotiations and exchanged significant amounts of information. Thereafter, with the assistance of Magistrate Judge David J. Novak, the Parties were able to reach the agreement contemplated in the Settlement Agreement. Throughout the negotiations, Class Counsel was informed by their considerable experience in these types of cases and the specific knowledge gained about the potential liability and damages in this case through their investigations and especially through review of the bankruptcy related materials.

## 3.  WHY IS THIS CASE A CLASS ACTION?

In a class action, one or more plaintiffs, called "class representatives" or "named plaintiffs," sue on behalf of people who have similar claims. All of these people who have similar claims collectively make up the "class" and are referred to individually as "class members." One case resolves the issues for all class members together. Because the purported wrongful conduct alleged in this Action affected a large group of people—participants in the Plan during the relevant time period—in a similar way, Named Plaintiffs filed this case as a proposed class action.

Questions?  CALL xxx-xxx-xxxx TOLL FREE, OR VISIT www.LandAmericaERISAsettlement.com.
Do not call the Court with your questions.
Page 6 of 11

## 4.  WHY IS THERE A SETTLEMENT?

As in any litigation, each of the Parties faced an uncertain outcome.  On the one hand, continuation of the case against Defendants could result in a judgment greater than this Settlement.  On the other hand, continuing the case could result in no recovery at all for the Named Plaintiffs and the Settlement Class or in a recovery that is less than the amount of the Settlement.  Based on these factors, Named Plaintiffs and Class Counsel have concluded that the proposed Settlement is in the best interests of all Settlement Class Members.

## 5.  HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT?

You are a Settlement Class Member if you fall within the definition of the Settlement Class preliminarily approved by Judge John A. Gibney, Jr.:

> All persons, except Defendants and their Immediate Family Members, who were participants in or beneficiaries of the LandAmerica Financial Group Savings and Stock Ownership Plan at any time from February 7, 2008 to July 31, 2009, inclusive, and whose Plan accounts included investments in LandAmerica Stock.

If you are a member of the Settlement Class, the amount of money you will receive, if any, will depend upon the Plan of Allocation, described below.

### THE SETTLEMENT BENEFITS—WHAT YOU GET

## 6.  WHAT DOES THE SETTLEMENT PROVIDE?

A Settlement Fund consisting of $5,000,000.00 (Five Million U.S. Dollard) is being established in the Action.  The net amount in the Settlement Fund, including interest, and after payment of, or establishment of reserves for, any taxes and Court-approved costs, fees, and expenses, including fees and expenses of Class Counsel, Plan reinstatement costs, Settlement administration costs, and any other Court-approved costs or expenses ("Net Settlement Fund"), will be transferred to the Reinstated Plan, and after payment of expenses incurred in calculating, satisfying, and administering the allocation, the remaining amount will be allocated to the Reinstated Plan accounts of Settlement Class Members according to a Plan of Allocation to be approved by the Court.

The now-terminated Plan will be reinstated strictly for the purpose of distributing the Settlement and accounts will be created for all Settlement Class Members who are entitled to a Settlement payment.  The tasks associated with reinstating the Plan will be performed by Nicholas L. Saakvitne, Esq., principal of Nicholas L. Saakvitne, a Law Corporation, an experienced pension attorney and professional trustee with experience in administering terminated plans ("Plan Administrator"), including overseeing the distribution of the Net Settlement Fund to Settlement Class Members.  To the extent possible, the Plan Administrator shall be responsible for ensuring the Settlement Administrator's settlement calculations are correct.  The Plan Administrator will be paid out of the Settlement Fund.  Following the distribution of the Net Settlement Fund and completion of the other tasks ordered by the Court, the Reinstated Plan will be terminated by the Plan Administrator.

If the Settlement is approved by the Court, all Settlement Class Members and anyone claiming through them shall be deemed to fully release the Plaintiffs' Released Persons from Plaintiffs' Released Claims.  Plaintiffs' Released Persons are broadly defined, and include, Defendants and their heirs, trustees, executors, estates or administrators, attorneys, personal or legal representatives, accountants, auditors, financial or investment advisors.  Plaintiffs' Released Claims include any and all Claims of any nature whatsoever, whether individual, representative, or derivative, by or on behalf of the Plan, Named Plaintiffs, and the Settlement Class, including respective heirs, beneficiaries, executors, administrators, Successors, and assigns that: (a) were or could have been brought in the Action and arise out of the same or substantially similar facts, circumstances, situations, transactions, or occurrences as those alleged in the Action during the Settlement Class Period; (b) were brought or could have been brought based

Questions?  CALL xxx-xxx-xxxx TOLL FREE, OR VISIT www.LandAmericaERISAsettlement.com.
Do not call the Court with your questions.
Page 7 of 11

on or related to the investment in LandAmerica Stock by or through the Plan during the Settlement Class Period; or (c) relate to the defense or settlement of the Action. This means, among other things, that Settlement Class Members will not have the right, whether individually or on behalf of the Plan, to sue Plaintiffs' Released Persons for anything related to the investment of Plan's assets in LandAmerica Stock or related to the defense or settlement of the Action.

The above description of the proposed Settlement is only a summary. The complete terms, including the definitions of Plaintiffs' Released Persons and Plaintiffs' Released Claims, are set forth in the Settlement Agreement (including its exhibits), which may be obtained at a dedicated Settlement Internet site, www.LandAmericaERISAsettlement.com or by contacting Class Counsel listed on Page 3 above.

## 7.   HOW MUCH WILL MY PAYMENT BE?

Your share (if any) of the Settlement Fund will depend on the amount of your losses in the LandAmerica Stock Fund, compared to the losses of other Settlement Class Members, during the period from February 7, 2008 to July 31, 2009. Each Settlement Class Member's share will be calculated by a third-party settlement administrator designated by Class Counsel ("Settlement Administrator") under the direction and supervision of the Plan Administrator according to a Court-approved Plan of Allocation. Because the Settlement proceeds are less than the total losses alleged by the Settlement Class, each Settlement Class Member's recovery will be less than his or her actual losses during the Settlement Class Period. You are not responsible for calculating the amount you may be entitled to receive under the Settlement.

In general, your proportionate share of the Settlement will be calculated as follows:

- Each Settlement Class Member's "Net Loss" will be calculated. For each Settlement Class Member, his or her Net Loss will be equal to (a) the dollar value, if any, of his or her Plan account balance invested in LandAmerica Stock on February 7, 2008, plus (b) the dollar value, if any, of all acquisitions of LandAmerica Stock in his or her Plan account during the Settlement Class Period, as of the time of the purchase(s), minus (c) the dollar value, if any, of all dispositions in LandAmerica Stock in his or her Plan account during the Settlement Class Period, as of the time of the sale(s), minus (d) the dollar value, if any, of the balance in LandAmerica Stock remaining in his or her Plan account on the last day of the Settlement Class Period, July 31, 2009.

- All Net Losses of the Settlement Class Members will be aggregated to yield the total loss of the Plan over the Settlement Class Period, and each Settlement Class Member's percentage of that total loss will be calculated.

- Applying that percentage to the Net Settlement Fund (described above), the Settlement Administrator will calculate each Settlement Class Member's share of those proceeds on a preliminary basis.

- All Settlement Class Members whose preliminary share is more than zero dollars ($0) but less than or equal to five dollars ($5.00) will be deemed to have a final share equal to zero dollars ($0) and will not receive a Settlement distribution. Settlement Class Members whose preliminary share is more than five dollars ($5.00) but less than or equal to nine dollars and ninety-nine cents ($9.99) will be deemed to have a final share equal to nine dollars and ninety-nine cents ($9.99). The Settlement Administrator will then recalculate the loss percentage of those Settlement Class Members whose preliminary share was greater than $9.99, so as to arrive at each such Settlement Class Member's final share.

**Do not worry if you do not have records that show your Plan activity.** If you are entitled to a share of the Settlement Fund, your share of the Settlement will be determined based on the best efforts of the Parties to retrieve and review the Plan's records from third-party sources for your account. If you have questions regarding the allocation of the Settlement proceeds, please contact Class Counsel listed on Page 2 above.

**Questions?  CALL xxx-xxx-xxxx TOLL FREE, OR VISIT www.LandAmericaERISAsettlement.com.**
**Do not call the Court with your questions.**
**Page 8 of 11**

## 8.  HOW MAY I RECEIVE A PAYMENT?

You do not need to file a claim.  If you are a Settlement Class Member entitled to a share of the Net Settlement Fund, you will be given an account with the Reinstated Plan and your share will be deposited in your Plan account. The Settlement Administrator will send you distribution election paperwork so that you can elect to (1) roll over your share of the Settlement into an individual retirement account ("IRA") or other qualified retirement plan or (2) receive a check for your share of the Settlement that will be taxed according to the Internal Revenue Code.

## 9.  WHEN WILL I GET MY PAYMENT?

The Settlement cannot be completed unless and until several events occur, including: (1) the Court's approval of the Settlement; (2) that approval becoming Final and no longer subject to appeals to any court; and (3) reinstatement of the Plan.  The Net Settlement Fund will be paid to the reinstated Plan and allocated to the accounts of Settlement Class Members pursuant to the Plan of Allocation within 30 days following the reinstatement of the Plan (assuming Final approval has been obtained for the Settlement, including exhaustion of any appeals).  If the Final Approval Order and Judgment is appealed, resolution of that appeal may take several years.  The Settlement Fund, however, will be invested in insured, interest-bearing securities, and the interest income will be included in the amount paid to the reinstated Plan and allocated to Settlement Class Members.

**There will be no payments if the Settlement Agreement is terminated.**

The Settlement Agreement may be terminated for several reasons, including if (1) the Court does not approve, or materially modifies, the Settlement Agreement, or (2) the Court approves the Settlement Agreement but the approval is reversed or materially modified by an appellate court.  If the Settlement Agreement is terminated, the Action will proceed as if the Settlement Agreement had not been entered into by the Parties.

## 10. CAN I GET OUT OF THE SETTLEMENT?

**You do not have the right to exclude yourself from the Settlement.**  The Settlement Agreement provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1), and the Court has preliminarily determined that the requirements of that rule have been satisfied.  Thus, it is not possible for any Settlement Class Members to exclude themselves from the Settlement.  As a Settlement Class Member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it. For more information on how to object to the Settlement, see the answer to Question 13 below.

### THE LAWYERS REPRESENTING YOU

## 11. DO I HAVE A LAWYER IN THE CASE?

The Court has preliminarily appointed the law firm of Kessler Topaz Meltzer & Check, LLP as Class Counsel for Plaintiffs in the Action.  The laws firms of Gainey McKenna & Egleston, Izard Nobel LLP, and Williams and Skilling PC are also serving as Plaintiffs' Counsel in the Action.  You will not be charged directly by these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 12. HOW WILL THE LAWYERS BE PAID?

Class Counsel will file a motion for the award of attorneys' fees of not more than one third (33 1/3 %) of the Settlement Fund, plus reimbursement of expenses incurred in connection with the prosecution of the Action.  This

Questions?  CALL xxx-xxx-xxxx TOLL FREE, OR VISIT www.LandAmericaERISAsettlement.com.
Do not call the Court with your questions.
Page 9 of 11

motion will be considered at the Final Approval Hearing described below. Defendants will not take any position on that matter before the Court.

## OBJECTING TO THE ATTORNEYS' FEES

By following the procedures described in the answer to Question 13, you can tell the Court that you do not agree with the fees and expenses the attorneys intend to seek and ask the Court to deny their motion or limit the award.

## 13. HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. To object, you must send a letter or other writing saying that you object to the Settlement in *Kerrie Borboa, et al. v. Theodore L. Chandler, et al.*, Case No. 3:13-cv-844-JAG. Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons why you object to the Settlement. **Your written objection must be received by the following counsel no later than _____ __, 2015.**

| *Class Counsel:* | *Defendants' Counsel:* | *Defendants' Counsel:* |
|---|---|---|
| **KESSLER TOPAZ MELTZER & CHECK, LLP**<br>Mark K. Gyandoh<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone: (610) 667-7706 | **SKADDEN ARPS SLATE MEAGER & FLOM LLP**<br><br>Mark S. Chehi<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-3160<br><br>David B. Leland<br>Warren T. Allen II<br>1440 New York Ave., N.W.<br>Washington D.C. 20005<br>Telephone: (202) 371-7000 | **FOLEY & LARDNER, LLP**<br>Scott L. Frederickson<br>300 K Street, NW, Suite 600<br>Washington, D.C. 20007<br>Telephone: (202) 672-5300 |

**You must also file your objection with the Clerk of the Court of the United States District Court for the Eastern District of Virginia, Richmond Division, by sending it via first class mail.** The mailing address is:

> Clerk of the Court
> United States District Court
> Eastern District of Virginia
> Spottswood W. Robinson, III and Robert R. Merhige, Jr. Federal Courthouse
> 701 East Broad Street
> Richmond, Virginia 23219

The objection must refer prominently to *Kerrie Borboa, et al., v. Theodore L. Chandler, et al.*, Case No. 3:13-cv-844-JAG. **Your objection must be received no later than _____ __, 2015.**

### THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement as fair, reasonable, and adequate (the "Final Approval Hearing"). You may attend the Final Approval Hearing, and you may ask to speak, but you do not have to attend.

**Questions?  CALL xxx-xxx-xxxx TOLL FREE, OR VISIT** www.LandAmericaERISAsettlement.com.
**Do not call the Court with your questions.**
**Page 10 of 11**

### 14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold the Final Approval Hearing at __:__.m. on _____ __, 2015, at the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson, III and Robert R. Merhige, Jr. Federal Courthouse, Courtroom _____, 701 East Broad Street, Richmond, Virginia 23219, in the courtroom then occupied by United States District Judge John A. Gibney, Jr. **The Court may adjourn or relocate the Final Approval Hearing without further notice to the Settlement Class, so if you wish to attend, you should confirm the location, date and time of the Final Approval Hearing with Class Counsel before doing so.** At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also rule on the motions for attorneys' fees and reimbursement of expenses and for Case Contribution Awards for Named Plaintiffs. The Parties do not know how long these decisions will take or whether any appeals will be taken.

### 15. DO I HAVE TO COME TO THE HEARING?

No, but you are welcome to come at your own expense. If you file an objection, you do not have to come to the Final Approval Hearing to talk about it. As long as your written objection was received timely, it will be considered by the Court when the Court decides whether to approve the Settlement. You also may pay your own lawyer to attend the Final Approval Hearing, but such attendance is also not necessary.

### 16. MAY I SPEAK AT THE HEARING?

If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Final Approval Hearing and present your objections to the Court. You may attend the Final Approval Hearing even if you do not file a written objection, but you will only be allowed to speak at the Final Approval Hearing if you file a written objection in advance of the Final Approval Hearing AND you file a Notice of Intention To Appear, as described in this paragraph, or if the Court otherwise allows you to speak. To do so, you must send a letter or other paper called a "Notice of Intention To Appear at Final Approval Hearing in *Kerrie Borboa, et al. v. Theodore L. Chandler, et al.*, Case No. 3:13-cv-844-JAG." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention To Appear must be received by the attorneys listed in the answer to Question 13 above, no later than _____ __, 2015, and must be filed with the Clerk of the Court at the address listed in the answer to Question 13.

## IF YOU DO NOTHING

### 17. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing and you are a Settlement Class Member, you will participate in the Settlement of the Action as described above in this Class Notice.

## GETTING MORE INFORMATION

### 18. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

Yes. This Class Notice summarizes the proposed Settlement. The complete terms are set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to Class Counsel listed on Page 3 above. Copies may also be obtained at a dedicated Settlement website, www.LandAmericaERISAsettlement.com, by calling the toll-free number, xxx-xxx-xxxx, or by sending an email to LandAmericaERISAsettlement@ktmc.com. You are encouraged to read the complete Settlement Agreement.

DATED: _____, 2015

**Questions? CALL xxx-xxx-xxxx TOLL FREE, OR VISIT www.LandAmericaERISAsettlement.com.**
**Do not call the Court with your questions.**
**Page 11 of 11**

# EXHIBIT   B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| KERRIE BORBOA, et al.,<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>THEODORE L. CHANDLER, et al.,<br><br>Defendants | Case No. 3:13-cv-844-JAG |

NOTICE BY PUBLICATION OF PROPOSED
CLASS ACTION SETTLEMENT AND FINAL APPROVAL HEARING

TO: **ALL PERSONS, EXCEPT DEFENDANTS AND THEIR IMMEDIATE FAMILY MEMBERS, WHO WERE PARTICIPANTS IN OR BENEFICIARIES OF THE LANDAMERICA FINANCIAL GROUP, INC. SAVINGS AND STOCK OWNERSHIP PLAN (THE "PLAN") AT ANY TIME BETWEEN FEBRUARY 7, 2008 AND JULY 31, 2009 (THE "SETTLEMENT CLASS PERIOD") AND WHOSE PLAN ACCOUNTS INCLUDED INVESTMENT IN LANDAMERICA STOCK AT ANY POINT DURING THE SETTLEMENT CLASS PERIOD.**

**PLEASE READ THIS NOTICE CAREFULLY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION. YOU ARE NOT BEING SUED.**

A Settlement has been preliminarily approved by a federal court in a class action lawsuit against certain individuals, including former officers and directors of LandAmerica Financial Group, Inc. ("LandAmerica" or the "Company"), alleging breaches of fiduciary duties under the Employee Retirement Income Security Act of 1974, *et seq.*, ("ERISA"). The lawsuit is referred to herein as the "Action." This Settlement will provide for a cash payment of $5,000,000.00 (Five Million U.S. dollars) to the Plan, which is being reinstated for purposes of this Settlement, minus Court-approved attorneys' fees and expenses, costs of administering the Settlement, and any other costs or expenses the Court deems payable from the Class Settlement Amount. The Settlement will be allocated to Plan participants who were invested in LandAmerica Stock in their Plan accounts during the Settlement Class Period pursuant to a Court-approved Plan of Allocation. The United States District Court for the Eastern District of Virginia authorized this Notice. A final approval hearing (the "Final Approval Hearing") will be held at the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson III and Robert R. Merhige, Jr. Federal Courthouse, 701 East Broad Street, Richmond, Virginia 23219, Courtroom ____ or such other courtroom as the Court may designate, on _____, 2015, at ____ .m., before the Honorable John A. Gibney, Jr., United States District Court Judge, to determine, among other things (as set forth in the Parties' proposed Final Approval Order and Judgment): (1) whether the proposed $5 million Settlement should be granted final approval; (2) whether the proposed Plan of Allocation is fair, reasonable, and adequate; (3) whether Class Counsel's request for an award of attorneys' fees, reimbursement of litigation expenses and for Case Contribution Awards for the Named Plaintiffs relating to their representation of the Settlement Class should be approved; and (4) whether the Action and the claims of the members of the Settlement Class against Defendants should be dismissed with prejudice, finding that there is no just reason for delay of enforcement or appeal of the Order as set forth in the Settlement Agreement (the "Settlement Agreement") filed with the Court.

If you are a member of the Settlement Class as defined above, your rights may be affected by the proposed Settlement and release of Parties and claims, as set forth in the Settlement Agreement. Defendants and their Immediate Family Members are excluded from the Settlement.

**You do not have the right to exclude yourself from the Settlement in this case, but you do have the right to object by writing to the Court.** Any objection to the Settlement, must be filed with the clerk of the Court no later than _____, 2015 and served upon each of the following law firms so that the objection is received no later than _____, at the addresses listed below:

| CLERK | CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Eastern District of Virginia<br>W. Robinson III and Robert R. Merhige, Jr.<br>Federal Courthouse<br>701 East Broad Street<br>Richmond, VA 23219 | KESSLER TOPAZ MELTZER &<br>CHECK, LLP<br>Mark K. Gyandoh<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone: (610) 667-7706 | SKADDEN ARPS SLATE MEAGER<br>& FLOM LLP<br>Mark S. Chehi<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 |

QUESTIONS? VISIT WWW.LANDAMERICAERISASETTLEMENT.COM OR CALL TOLL-FREE _____

| | | |
|---|---|---|
| | | Telephone: (302) 651-3160<br><br>David B. Leland<br>Warren T. Allen II<br>1440 New York Ave., N.W.<br>Washington D.C. 20005<br>Telephone: (202) 371-7000 |
| | | **DEFENDANTS' COUNSEL**<br><br>**FOLEY & LARDNER, LLP**<br>Scott L. Frederickson<br>300 K Street, NW<br>Suite 600<br>Washington, D.C. 20007<br>Telephone: (202) 672-5300 |

If the Settlement is approved by the Court and you are a member of the Settlement Class, you will receive any Settlement payment you are entitled to receive under the Settlement Agreement without having to file a claim.

If you are a member of the Settlement Class and have not yet received the Class Notice, or if you want more information regarding anything in this Publication Notice, you may obtain such information by visiting www.LandAmericaERISAsettlement.com, calling toll-free xxx-xxx-xxxx, by writing to Class Counsel listed above or sending an email to LandAmericaERISAsettlement@ktmc.com.

**DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, THE COMPANY, OR DEFENDANTS REGARDING THIS NOTICE. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS.**

DATED: _____, 2015          By Order of the United States District Court, Eastern District of Virginia

.