UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| KERRIE BORBOA, et al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 3:13-cv-844-JAG |
| ) | |
| THEODORE L. CHANDLER, et al., ) | |
| ) | |
| Defendants. ) | |

**FINAL APPROVAL ORDER AND JUDGMENT**

This Action came on for hearing on July 20, 2015 to determine the fairness of the proposed settlement (the "Settlement") presented to the Court on March 12, 2015, and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, Preliminarily Approving the Plan of Allocation and Setting Date for Hearing on Final Approval of Settlement (Dkt. No. 73). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Final Approval Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement among Named Plaintiffs and Defendants.

1. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

1

2. For the sole purpose of settling and resolving the Action, the Court certifies this action as a Class Action under FED. R. CIV. P. 23(a) and 23(b)(1). The Settlement Class is defined as:

> All persons, except Defendants and their Immediate Family Members, who were participants in or beneficiaries of the LandAmerica Financial Group, Inc. Savings and Stock Ownership Plan at any time between February 7, 2008 and July 31, 2009 (the "Settlement Class Period") and whose Plan accounts included investments in LandAmerica Stock.

3. Kerrie Borboa, Timothy O'Grady, and Bertrand Francis (the "Named Plaintiffs") are appointed as class representatives and Kessler Topaz Meltzer & Check, LLP is appointed as Class Counsel pursuant to FED. R. CIV. P. 23(g).

4. The Court finds for the sole purpose of settling and resolving the Action that:

(a) The numerosity requirement of FED. R. CIV. P. 23(a)(1) is satisfied because the Settlement Class is so numerous that it is impractical to bring all Settlement Class Members before the Court individually.

(b) The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied because the allegations of the Settlement Class present common questions of law or fact, including:

(i) Whether the Defendants breached fiduciary obligations to the Plan and its participants by causing the Plan to offer LandAmerica Stock as an investment option for the Plan or maintaining a pre-exisiting investment in LandAmerica Stock in the Plan during the Settlement Class Period;

(ii) Whether certain Defendants breached fiduciary obligations to the Plan and its participants by failing to monitor other Defendants; and

2

      (iii) Whether the alleged breaches of fiduciary duty by the Defendants caused the Plan and its participants and beneficiaries to suffer losses.

  (c) The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied because the claims of the class representatives arise from the same alleged course of conduct that gives rise to the claims of the Settlement Class, and the class representatives' claims are based on the same legal theory as those of the Settlement Class. The Named Plaintiffs allege that they were participants in the Plan during the Settlement Class Period with Plan accounts that included investments in LandAmerica Stock, that the Plan's fiduciaries treated them and all other Plan participants alike, and that Plan-wide relief is necessary and appropriate under ERISA. Under these circumstances, for purposes of the Settlement only, and subject to the foregoing, the claims asserted by the Named Plaintiffs are sufficiently typical of the claims asserted by the Settlement Class as a whole to satisfy FED. R. CIV. P. 23(a)(3).

  (d) The adequacy requirement of FED. R. CIV. P. 23(a)(4) is satisfied. For the purposes of this Settlement, the Court finds that the Named Plaintiffs have no conflicting interests with absent members of the Settlement Class and have adequately prosecuted this Action.

  (e) The requirements of FED. R. CIV. P. 23(b)(1) are also satisfied. Given the plan-representative nature of Named Plaintiffs' breach of fiduciary duty claims, there is a risk that failure to certify the Settlement Class would leave future plaintiffs without relief and there is also a risk of inconsistent dispositions that might prejudice the Defendants. This case is appropriate for class certification, for the purposes of this Settlement, under FED. R. CIV. P. 23(b)(1).

(f) The Court has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that Class Counsel will fairly and adequately represent the interests of the Settlement Class. Class Counsel has done the work necessary to identify and investigate potential claims in the Action, to investigate the allegations made in the Complaint, including interviewing witnesses, reviewing publicly available information, reviewing documents and materials uncovered in their investigation, consulting with experts, and representing the Settlement Class's interests during the litigation. Class Counsel has substantial experience in handling class actions and claims of the type asserted in this Action. Class Counsel has also demonstrated extensive knowledge of the applicable law. The Court concludes that Class Counsel has fairly and adequately represented the interests of the Settlement Class.

(g) The Settlement Class has received proper and adequate notice of the Settlement Agreement, the Final Approval Hearing, Class Counsel's application for attorneys' fees and expenses and for a Case Contribution Award to the Named Plaintiffs, and the Plan of Allocation, such notice having been given in accordance with the Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, Preliminarily Approving the Plan of Allocation and Setting Date for Hearing on Final Approval of Settlement (Dkt. No. 73). Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, through publication in the *Richmond Times-Dispatch*, as well as notice through a dedicated website, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process.

5. The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

6. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is a fair, reasonable, and adequate settlement and compromise of the claims asserted in this Action. Specifically, the Court finds that:

(a) The Settlement was negotiated vigorously and at arm's-length by counsel for the Defendants, on the one hand, and the Named Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

(b) This Action settled after Defendants had answered the operative complaint in this matter (Dkt. Nos. 60 and 61) and significant discovery had been conducted;

(c) The Settlement was reached with the assistance of both an experienced third-party Mediator and a Magistrate Judge of this Court, both of whom were thoroughly familiar with this litigation;

(d) Named Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(e) If the Settlement had not been achieved, the Parties faced the expense, risk, and uncertainty of extended litigation;

(f) The amount of the Settlement – Five Million U.S. Dollars ($5,000,000.00) – is fair, reasonable, and adequate;

(g) At all times, the Named Plaintiffs have acted independently of Defendants and in the interest of the Settlement Class;

(h) The form and manner of the notice provided by Defendants pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* ("CAFA"), are in compliance with CAFA.

(i) The Court has duly considered and rejected any Objections to the Settlement that were filed.

7. The Plan of Allocation is fair and reasonable. The Net Settlement Fund shall be distributed in accordance with the Plan of Allocation and the Settlement Agreement.

8. The Court appoints Nicholas L. Saakvitne, Esq. as Plan Administrator to: (1) reinstate the Plan in order to allow the Net Settlement Fund to be distributed through the Reinstated Plan; (2) serve as Plan Administrator for the Reinstated Plan, including for purposes of overseeing the distribution by the Settlement Administrator of the Net Settlement Fund to Settlement Class Members and, to the extent permitted by law, ensuring that the Reinstated Plan complies with all the requirements of ERISA and the federal tax code in order that the Settlement Class Members may receive their shares of the Net Settlement Fund as qualified distributions, if they so desire; and (3) Terminate the Reinstated Plan immediately following complete distribution of the Net Settlement Fund. Further, the Plan Administrator: (1) shall direct the Settlement Administrator to distribute the Net Settlement Fund to Settlement Class Members in accordance with the Plan of Allocation; (2) shall confirm the accuaracy of the calculations performed by the Settlement Adminstration, to the extent possible; (3) shall then be exclusively responsible for overseeing the Settlement Administrator's distribution of the Net Settlement Fund to the Settlement Class Members in accordance with the Plan of Allocation based on the

calculations of the Settlement Administrator; and (4) shall be responsible for directing the Settlement Administrator to take reasonable steps to properly allocate the Net Settlement Fund to the Plan accounts of the Settlement Class Members. To the extent possible, the Plan Administrator shall be responsible for ensuring the Settlement Administrator's settlement calculations are correct. Both the Settlement Administrator's and the Plan Administrator's fees and expenses incurred for the administration of this Settlement shall be paid from the Settlement Fund. Further, pursuant to Section 2.2.1 of the Settlement Agreement, Defendants and the Plaintiffs' Released Persons shall not be deemed to be fiduciaries, administrators or sponsors of the Reinstated Plan for any purpose and shall not have any duties or obligations whatsoever with respect to such Reinstated Plan or with respect to the portion of the Settlement Fund contributed to the Reinstated Plan.

9. Any court order regarding Class Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses, and Case Contribution Awards for the three Named Plaintiffs shall in no way disturb or affect this Final Approval Order and Judgment. Reversal or modification on appeal of any order concerning Class Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses, and Case Contribution Awards for the three Named Plaintiffs shall not affect the finality of this Final Approval Order and Judgment and shall not constitute grounds for cancellation or termination of the Settlement.

10. The Court holds that the Escrow Account established to hold the Settlement Fund is approved in order that it may be a Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1.

11. The Action is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

12. Upon the Effective Date, the following claims are released by operation of this Order and Final Judgment, as set forth in Sections 3 and 4 of the Settlement Agreement:

(a) <u>Named Plaintiffs, the Settlement Class, and the Plan's Releases:</u> Upon the Effective Date, the three Named Plaintiffs (or their Successors) shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the Plan and the Settlement Class shall, by operation of the Final Approval Order and Judgment, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged, the Plaintiffs' Released Persons from all of Plaintiffs' Released Claims.

(b) <u>Defendants' Releases:</u> Upon the Effective Date, Defendants shall conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge Defendants' Released Persons from all of Defendants' Released Claims.

(c) <u>Scope of Releases:</u> The release and discharge set forth in Sections 12(a) and 12(b) shall not include the release or discharge of any rights or duties of the Parties arising out of this Settlement Agreement, including the express warranties and covenants contained herein.

13. The Court, through Magistrate Judge David J. Novak, retains exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this

Final Approval Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court also retains exclusive jurisdiction and will rule by separate Order with respect to all applications for awards of attorneys' fees, reimbursement of litigation expenses and payment of Case Contribution Awards to Named Plaintiffs, submitted pursuant to the Settlement Agreement.

14. In the event that the Settlement Agreement is terminated in accordance with its terms, this Final Approval Order and Judgment shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the Agreement Execution Date. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

15. The Court recognizes that Defendants have denied and continue to deny any and all liability with respect to the Claims of Named Plaintiffs and the Settlement Class. Neither the Settlement Agreement, this Final Approval Order and Judgment, any act performed or document executed in furtherance of the Settlement, nor the fact of the Settlement shall be used or construed as an admission, concession, or declaration of the Defendants, or any other person, of fiduciary status, fault, omission, mistake, or liability, nor shall be offered as evidence of any liability in this Action or any other proceeding.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: July 22, 2015
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

9